## PENNSYLVANIA R R CO v HENICLE et

Ohio Appeals, 5th Dist, Holmes Co

Decided Nov 21, 1934

Waters, Andress, Wise, Roetzel, Maxon, Akron, and W. F. Garver, Millersburg, for plaintiff.

Cary, Estill & Kuhn, Millersburg, for defendants.

## OPINION

By LEMERT, J.

The defendant maintains that there is no authority for the issuance of a mandatory injunction in cases of this kind; that plaintiffs' rights, if any, are fixed by statute, to-wit, §8908 GC, and that the plaintiffs have an adequate remedy at law.

They make the claim that §§8909, 8910, 8911, and 8912 GC have been declared unconstitutional; that the statute makes no provision for enforcing the construction of such a ditch.

We do not agree with this contention. If the defendant's position below were logical, and the courts had intended to abrogate the civil law rule of surface drainage as applied to railroads, they would have declared §8908 GC unconstitutional, also; but this they did not do. We are of the opinion that the civil law rule with regard to drainage, as modified and restated in §8908 GC, is applicable.

The civil law rule is well settled in Ohio, and may be stated as follows:

"The owner of land cannot, by artificial means, divert the natural flow of surface water off his land, nor can he by embankment or otherwise divert the natural flow of surface water off the higher land in a manner different from its natural flow onto his land."

From a careful reading of the record testimony submitted to the court and jury in the damage action, we find that it clearly shows that there was a spring run that for at least more than thirty-five years flowed in the same course it now flows from the Henicle buildings directly over to the railroad right of way; and the record also shows that the railroad company, as claimed by the plaintiffs below, did maintain a ditch along their right of way, which they permitted to become filled up, thereby damming back the water which naturally found its way to the right of way.

The evidence is ample in the record, not only by the witnesses for the plaintiff below, but by the witnesses and former employees of the railroad company, that the land in question is not swamp land, and that water on the Henicle premises will naturally flow directly over towards Kill-

buck Creek and the railroad right of way. We note that this testimony is supported by the exhibits in the case; to-wit, the blue prints and the photographs attached to the record; and the record further shows the natural flow of the waters on this land is towards the railroad and when the water accumulates there, having no outlet, it is naturally thrown back upon the Henicle land.

The record clearly shows that the defendant company recognized its duty, by digging a ditch for a Mr. Ling, on the west of the Henicle land; and that it also recognized its duty to a Mr. Quillin on the east, by providing a culvert for him under its right of way, and the record shows that it had just as much fill along its right of way on those premises as it does opposite Henicle's; that it recognized its duty to the Henicle tract when the railroad was constructed by digging a ditch along its right of way, but now, after it has thrown up dirt on the Henicle land in the construction of that ditch and has been the direct cause of damming back the natural drainage, it would now hold the natural drainage of this land from Killbuck Creek and declare this to be swamp land and establish it as such for years and years to come, depriving the owner from his right to cultivate the farm as was possible when it maintained the ditch along its right of way.

It is apparent from the record before us that the condition presented is a continuing condition and that so long as a ditch is not provided or a proper outlet given, the lands of the plaintiff will continue to be over-flowed and damaged each year. Thus, this condition warrants a court of equity to interfere and cause the construction of this ditch by a mandatory order.

It is a well established principle of equity that equity will interfere by injunction where the remedy at law is inadequate, to avoid a multiplicity of suits, to restrain a continuous trespass, or to abate a nuisance.

The principle of law is well discussed in **31 Oh Ap, 213; 14 Ohio Jurisprudence, page 1037.**

The record before us well warrants a court in finding that the injuries complained of are reoccurring injuries, that the remedy at law for damages is inadequate, and that by reason thereof and to prevent a multiplicity of suits, a mandatory injunction will issue in accordance with the prayer of the petition.

So, entertaining these views, the finding and judgment of this court will be for the appellees.

Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, JJ, concur.